IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| RED HAT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 5:02-CV-355-BO(3) |
| v. ) | |
| ) | (Jury Trial Demanded) |
| INT MEDIA GROUP, INC. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Red Hat, Inc., for its complaint against Defendant, INT Media Group, Inc. alleges as follows:

1. This is an action for trademark and service mark infringement, unfair competition, and dilution arising under the Federal Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et seq.* (the "Lanham Act"); and the North Carolina Unfair Business Practices Act, N.C. Gen. Stat. §§ 75-1.1, *et seq.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action under § 39 of the Lanham Act and under 28 U.S.C. §§ 1332, 1338, and § 1367.

3. Defendant is subject to the jurisdiction of this Court and venue is proper in this district pursuant to 28 U.S.C. § 1391.

### THE PARTIES

4. Plaintiff, Red Hat, Inc. ("Plaintiff" or "Red Hat"), is a corporation duly organized and existing under the laws of the State of Delaware having a principal business address in this

District at 1801 Varsity Drive, Raleigh, NC 27606. Plaintiff owns the mark RED HAT, which is used on a variety of goods and services including open source software programs.

5.  Upon information and belief, Defendant INT Media Group, Inc. ("Defendant") is a Delaware corporation with a business address of 23 Old Kings Highway South, Darien, CT 06820 and is doing business in North Carolina. On information and belief, Defendant, either by itself or through wholly owned and controlled subsidiaries, uses the name and mark RED HAT in connection with the sale and distribution of LINUX operating system software and related goods and services.

## FACTS

### Plaintiff's Famous RED HAT Mark

6.  Plaintiff is the largest and most recognized producer of open source technology. Open source technology refers to software for which the source code is shared openly and available to all to use and modify. In contrast, the source code for most computer programs is a secret and protected by restrictive license and user agreements and copyrights.

7.  The most prevalent open source program is named LINUX, a computer operating system that is a competitor of, for example, Microsoft's Windows operating system. Plaintiff is the leader in LINUX programs and related services, which since at least as early as 1994, have been marketed under the trade name and mark RED HAT.

8.  The United States Patent and Trademark Office has recognized Red Hat's rights by issuing U.S. Federal Trademark Registration No. 2,142,662 (attached as Exhibit A) on March 10, 1998, for the mark RED HAT for computer software, namely, computer programs for operating systems, system administration, computer communications administration, and instructional materials provided therewith as a unit (in International Class 9) and providing

consultation in the field of computer software (in International Class 42); and U.S. Federal Trademark Registration No. 2,561,410 (attached as Exhibit B) on April 16, 2002, for the mark RED HAT for goods and services including: computer software, namely, computer programs for operating systems, computer programs for system administration, computer programs for network administration services delivered over a global computer network, and instructional materials provided therewith as a unit (in International Class 9); educational services, namely, training others in the use, maintenance, updating, configuration, installation, support, and programming of computer software (in International Class 41); and computer software design for others, computer consultation, computer diagnostic services, computer software diagnostic services, and computer system analysis (in International Class 42). Plaintiff is the owner of other marks incorporating RED HAT (collectively, "RED HAT mark").

9. Plaintiff operates its web site under the domain name "redhat.com." The RED HAT mark is used extensively on this web site, which is a significant method of promoting Plaintiff's goods and services (attached as Exhibit C is a copy of the RED HAT web site home page located at <www.redhat.com>).

10. Since adoption of the distinctive RED HAT mark, it has been used continuously and extensively in interstate and international commerce in connection with the advertising and sale of Red Hat's goods and services. The RED HAT mark has been, and continues to be, widely publicized through substantial advertising throughout the United States and the world. Plaintiff has expended significant assets and money in connection with such advertising, which has been disseminated through different types of media. Indeed, the RED HAT mark is used across the world as a distinctive indicator of the original source of LINUX products and services and other related goods and services.

11. Each year millions of customers obtain goods and services offered under the RED HAT mark and are exposed to the RED HAT mark through advertising and promotion.

12. Sales of goods and services under the RED HAT mark have amounted to many million dollars. As a result, the general public has come to associate these names and marks with goods and services of a high and uniform quality.

13. Because of these substantial advertising expenditures and sales, the distinctive RED HAT mark has become well-known and famous among members of the purchasing public.

14. RED HAT is the most well-known brand name for LINUX products and services.

15. Red Hat provides guidelines for the use of the RED HAT mark. These guidelines are published at <http://www.redhat.com/about/corporate/trademark> and are revised from time to time (the "Guidelines").

**Defendant's Infringing Use of the RED HAT Mark**

16. Many years after Plaintiff's adoption and first use of the RED HAT mark and long after the RED HAT mark became well-known and famous, Defendant began its unauthorized use of the mark RED HAT in connection with the sale and distribution of LINUX operating system software and, upon information and belief, related goods and services.

17. For example, Defendant has offered and is offering for sale software in the form of a CD-ROM under the name and mark RED HAT LINUX 7.3. This software is identical or nearly identical to the software sold by Red Hat under the RED HAT mark. Upon information and belief, Defendant is selling or distributing other LINUX software and related services under the RED HAT mark that is unauthorized by Plaintiff.

18. The RED HAT mark used by Defendant is identical to Plaintiff's RED HAT mark. The product and services in connection with which Defendant uses the mark RED HAT

are similar or identical to Plaintiff's goods and services and are sold through similar or identical channels of trade.

19. Defendant's use of the RED HAT mark does not conform to the Guidelines set forth by Red Hat.

20. Prior to adopting and using the mark RED HAT, Defendant had constructive notice of the RED HAT mark and rights therein due to Red Hat's trademark registrations, and actual notice of Red Hat's rights in the RED HAT mark.

21. Defendant is not authorized by Plaintiff to use the mark RED HAT in the manner it is so doing.

22. Despite written notice from Red Hat of its rights in the RED HAT mark, Defendant willfully continues to use the RED HAT mark. On April 18, 2002 and May 1, 2002, Plaintiff's counsel, by letter, advised Defendant of its rights in the RED HAT mark and demanded that Defendant cease all use of the RED HAT mark. Notwithstanding such actual notice of Plaintiff's rights, Defendant refused to stop its unauthorized use of the RED HAT mark, and continues to do so.

23. By virtue of Defendant's unauthorized use of the RED HAT mark in connection with the goods and services described herein, Plaintiff has suffered and is likely to suffer harm and incur damages.

## COUNT I

### FEDERAL TRADEMARK AND SERVICE MARK INFRINGEMENT

24. Plaintiff repeats and incorporates all of the allegations of paragraphs 1 through 23 as if fully set forth herein.

25. Defendant's use of the mark RED HAT is likely to be confused or associated with Plaintiff's RED HAT mark.

26. Defendant's use of the mark RED HAT, despite protests from Plaintiff, demonstrates an intentional, willful and bad faith intent to trade on the goodwill of Plaintiff's mark and name, and to cause confusion, deception, and mistake in the minds of Plaintiff's customers and potential customers by implying a non-existent affiliation or relationship between Defendant and Plaintiff to the great and irreparable injury of Plaintiff, and Defendant has been unjustly enriched thereby.

27. Defendant's infringing conduct is causing and is likely to cause substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief, and to recover Defendant's profits, and actual and treble damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1114, 1116 and 1117.

## COUNT II

## FEDERAL UNFAIR COMPETITION

28. Plaintiff repeats and realleges the allegations set forth in paragraph 1 through 27 as if fully set forth herein.

29. Defendant's use of the mark RED HAT constitutes false designation of origin and a false description and representation that Defendant and its products and services originate with or are sponsored by or approved by Plaintiff.

30. Plaintiff is, and will continue to be, damaged by such false and misleading designations and representations because such false statements and advertising will cause confusion among the general and purchasing public as to the true origin, sponsorship or

affiliation of Defendant's products and services. Defendant's false and misleading designations and representations deprive Plaintiff of its right to compete fairly in interstate commerce.

31.  Defendant's actions are calculated to cause confusion and mistake and to deceive customers, potential customers, and the public as to the true affiliation, connection or association of Defendant and its products and services in violation of 15 U.S.C. § 1125(a)(1) and Plaintiff is entitled to injunctive relief, and to recover Defendant's profits, actual and treble damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1116 and 1117.

## COUNT III

## FEDERAL DILUTION

32.  Plaintiff repeats and realleges the allegations set forth in paragraph 1 through 31 as if fully set forth herein.

33.  Defendant has and is engaged in acts constituting trademark dilution in violation of Section 43(c) of the Trademark Act of 1946, 15 U.S.C. § 1125(c).

34.  Through the inherent distinctiveness of the RED HAT mark and through widespread and favorable public recognition and acceptance in the relevant industry, the RED HAT mark has become uniquely associated with Plaintiff and is famous, distinctive and well-known.

35.  Defendant, by using an identical mark in promoting and selling similar or identical goods and services, has diluted Plaintiff's distinctive RED HAT mark by eroding the public's exclusive identification of the RED HAT mark, thus diminishing its distinctiveness and effectiveness.

36. Defendant's conduct has caused Plaintiff irreparable injury, and pecuniary damages. Unless enjoined by this Court, Defendant will continue to willfully dilute the RED HAT mark to the immediate and irreparable damage of Plaintiff.

## COUNT IV

## VIOLATION OF NORTH CAROLINA UNFAIR PRACTICES ACT

37. Plaintiff repeats and realleges the allegations set forth in paragraph 1 through 36 as if fully set forth herein.

38. Defendant's use of the mark RED HAT in conjunction with the sale of LINUX operating system software and related goods and services has a tendency or capacity to mislead consumers or create a likelihood of deception among consumers as to the source of origin because it is identical to Plaintiff's famous RED HAT mark.

39. Defendant has and is engaged in acts affecting commerce and business activities in the state of North Carolina and constituting unfair business practices in violation of the North Carolina Unfair Business Practices Act, N.C. Gen. Stat. § 75-1.1.

40. Defendant's conduct has caused Plaintiff irreparable injury. Unless enjoined by the Court, Defendant will continue to cause Plaintiff injury.

## JURY DEMAND

41. A jury trial is demanded.

Wherefore, Plaintiff prays:

1. That Defendant, its officers, agents, employees, parents, affiliates, subsidiaries, attorneys and all persons in active concert or participation with Defendant, be permanently enjoined and restrained from:

(a) using the name or mark RED HAT or any trademark, service mark, design, phrase, logo or trade name, including the terms "RED" and/or "HAT" or any other trademark, service mark, design, phrase, logo or trade name that is similar to Plaintiff's RED HAT mark or that dilutes the value thereof, in connection with Defendant's business, products, or services, on the Internet and/or in any domain name;

(b) expressly or impliedly representing that its business or products or services are affiliated, connected or associated with, or authorized, sponsored or approved by Plaintiff;

(c) engaging in any other conduct which will cause or is likely to cause confusion, mistake or misunderstanding as to the affiliation, connection or association, or origin, sponsorship or approval of its business' products or services with or by Plaintiff; and

(d) otherwise infringing upon Plaintiff's mark or unfairly competing with Plaintiff in any manner whatsoever.

2. That an accounting be ordered and judgment be rendered against Defendant for all profits received from the provision of products or services, directly or indirectly, in connection with or advertised or promoted in any manner, using the RED HAT mark or any other names, marks, design phrases or logos which are similar to any of Plaintiff's marks or by using any false representations, descriptions or designations of origin with respect to its products and services.

3. That judgment be entered in favor of Plaintiff for all damages sustained by Plaintiff on account of Defendant's infringement, dilution, unfair competition and false designation of origin or products and services and that such damages be trebled.

4. That punitive damages be awarded to Plaintiff by reason of Defendant's willful, intentional, deliberate, malicious and bad faith actions in order to deter such actions in the future.

5. That Defendant be required to deliver up for destruction all advertising and promotional materials, labels, cartons, brochures, business stationery, calling cards, information sheets, posters, signs and any and all other printed, electronic or graphic materials of any type including the plates, molds or other means of producing the materials which bear thereon the infringing and unfairly competing name or mark that includes the terms "Red" and "Hat" or any terms similar thereto.

6. That Defendant be directed to file with the court and serve on Plaintiff within thirty days after entry of a final injunction a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

7. That Plaintiff have and recover its costs in connection with this suit, including reasonable attorneys' fees and expenses.

8. That Plaintiff have such other and further relief as the court may deem just and proper.

This 28th day of May, 2002.

Respectfully submitted,

*Andrew B. Cohen*

Andrew B. Cohen
N.C. State Bar No. 16594
MOORE & VAN ALLEN, PLLC
Attorneys for Plaintiff
P.O. Box 3843
Durham, North Carolina 27702-3843
Telephone: (919) 286-8000

OF COUNSEL:

Anthony V. Lupo
Elizabeth H. Cohen
Fabricio Vayra
Vanessa Garcia-Brito
Arent Fox Kintner Plotkin & Kahn, PLLC
1050 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 857-6353
Fax: (202) 857-6395

## **PARTIALLY SCANNED DOCUMENT**

## THIS IS A PARTIALLY SCANNED DOCUMENT. PLEASE SEE THE CASE FILE FOR ANY ATTACHMENTS OR OTHER MATERIALS WHICH HAVE NOT BEEN SCANNED.

## **PARTIALLY SCANNED DOCUMENT**